UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4752

JAMES RANDALL BRAWNER, a/k/a Jay,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-97-25, CR-97-26)

Submitted: February 17, 1998

Decided: April 29, 1998

Before LUTTIG and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bryan Emery Gates, Jr., Winston-Salem, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, Michael F. Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Randall Brawner appeals from his convictions for carjacking, using and carrying a firearm during the commission of a crime of violence, and transportation of a stolen vehicle in interstate commerce, in violation of 18 U.S.C. §§ 924(c), 2119, 2312 (1994). Brawner contends that the district court erred in admitting evidence under Fed. R. Evid. 404(b) of an armed robbery which occurred three days before the instant offense. Finding no error, we affirm.

The evidence in the light most favorable to the Government revealed the following facts. On October 30, 1996, in High Point, North Carolina, Brawner and codefendant Steven Melton approached Perry Williams and asked Williams for a ride in his Jeep Cherokee. For twenty-five dollars and some marijuana, Williams agreed. Brawner and Melton got in the back seat of the Jeep because Williams' four-year old son was asleep on the front passenger seat. After Williams drove Brawner and Melton various places, Melton asked Williams to drive to a corner grocery store. After Williams parked the Jeep, Brawner pointed a firearm at Williams while Melton ordered Williams out of the vehicle. Melton demanded Williams' money. Williams handed his wallet to Melton who in turn passed it to Brawner in exchange for the firearm. Melton then ordered Williams to get into the back of the Jeep. Brawner drove the Jeep to a wooded area. Melton ordered Williams to get out of the Jeep, walk into the woods, undress, and lie on the ground. Williams and Melton struggled for the firearm; Melton temporally lost control of the firearm. Melton quickly regained control of the firearm and shot Williams twice. Believing Williams was dead, Melton and Brawner returned to the Jeep, where Williams' son was still sleeping on the front passenger seat. Brawner and Melton drove back to Williams' neighborhood, where they left the child.

2

The defendants then drove to a hotel parking lot in Greensboro, North Carolina, where they abandoned the Jeep. Melton and Brawner noticed a couple driving a BMW, who also parked in the parking lot. Melton and Brawner approached the couple, John Swofford and Nora Sisk Williams, standing beside the BMW; Melton displayed the firearm to the couple and ordered them to walk away from the vehicle. Melton and Brawner got inside the vehicle and drove to High Point, North Carolina. The next day, Melton and Brawner drove to Columbia, South Carolina, where they stopped at a convenience store. The police in Columbia engaged Melton and Brawner in a high speed car chase which ended in Charleston, South Carolina, when Brawner lost control of the vehicle and drove into a building. Brawner was apprehended a short distance from the scene, and Melton was apprehended more than a day later. Perry Williams identified Melton in a pretrial photographic line-up, but he was unable to identify Brawner. Neither Swofford nor Nora Williams was shown a photographic line-up.

Over Brawner's objection, the Government proffered the testimony of Jerry Wayne Soles, Jr., who testified that at approximately 9:00 p.m. on October 27, 1996, he drove to the parking lot of a restaurant in High Point, North Carolina, to meet two friends. While Soles and his two friends were standing beside their vehicles talking, Brawner and Melton approached the group. Brawner brandished a firearm and asked Soles and his friends for their money. Melton searched Soles' friends' car, and Soles, saying that he had money in his car, got into his car. Soles escaped, driving away in his vehicle. Soles identified Brawner and Melton from a photographic line-up.

The district court admitted Soles' testimony under Fed. R. Evid. 404(b), finding that the evidence was relevant to show identity and plan. The court, in balancing the probative value of the evidence against its prejudicial effect, limited Soles' testimony to establishing that Melton and Brawner had an association, they had a firearm, and that they tried to rob Soles three days before the instant offense. The district court noted that defense counsel stated during his opening argument that the only issue in the case was whether Brawner was the perpetrator. The district court instructed the jury that the testimony was permitted to show identity or plan.

Brawner contends that the district court abused its discretion in admitting evidence of the October 27, 1996, offense in violation of

3

Fed. R. Evid. 402, 403, and 404(b). He contends that the evidence was irrelevant, that it was not probative of identity, and that any probative value the evidence may have had was outweighed by its prejudicial effect, in contravention of Rules 402 and 403. He asserts that the evidence could only have demonstrated his propensity to commit the carjacking in this case, and therefore, is prohibited under Fed. R. Evid. 404(b).

We review the district court's decision to admit Fed. R. Evid. 404(b) evidence for abuse of discretion, and we will not reverse that decision unless it was "arbitrary and irrational." See United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995). Evidence is admissible only if it is relevant. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 404(b) permits evidence of other crimes, wrongs, or acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evidence which has no purpose except to show criminal disposition is excluded. See United States v. Sanchez, 118 F.3d 192, 195 (4th Cir. 1997). Thus, the court may admit any evidence which is relevant to any issue other than character, is necessary, and is reliable. Id. Such evidence may be excluded, however, if it is more prejudicial than probative. Fed. R. Evid. 403; Sanchez, 118 F.3d at 196.

The record shows that the evidence of Brawner's prior armed robbery committed three days before the instant offense was not used solely to show bad character, but rather, to show identity and plan. The evidence demonstrated that Brawner had an association with Melton, was in possession of a firearm, and was in High Point, North Carolina, prior to the instant offense. Further, the evidence of the previous armed robbery and possible thwarted carjacking showed a pattern of action and plan. See Fed. R. Evid. 404(b); United States v. Rawle, 845 F.2d 1244, 1247-48 (4th Cir. 1988). In addition, we find that the testimony was not excludable under Rules 402 and 403. Brawner fails to show that the probative value of the evidence of the previous armed robbery was outweighed by the prejudicial effect of the testimony. See Fed. R. Evid. 403; Sanchez, 118 F.3d at 196. Any possible prejudice was minimized by the court's instruction that the

4

evidence could only be considered to show identity or plan and that the jury could not convict Brawner simply because the jury believed that Brawner might have committed some other act in the past. See United States v. Teague, 737 F.2d 378, 381 (4th Cir. 1984).

Accordingly, we affirm Brawner's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

5